UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN MELTON, | ) |
| Plaintiff, | ) |
| | ) CASE NO.: |
| vs. | ) |
| | ) JURY DEMAND |
| BANCINSURE, INC., (an Oklahoma Corporation). | ) |
| Defendant. | ) |

## COMPLAINT

Comes the Plaintiff, John Melton, by and through counsel, and hereby sues the Defendant and, for cause, would state and show as follows:

## I

## THE PARTIES

1. The Plaintiff, John Melton ("Johnny Melton"), is a citizen and resident of the State of Tennessee residing in Lexington, TN. For at all times material hereto, he was an officer and employee of the Bank of Lexington, branch of Bank of Friendship, which was the insured of the Defendant, BancInsure, Inc. Mr. Melton, was insured by the express language of the liability policy of BancInsure, Inc., policy No.: 41DO00177-3. (Exhibit # 1)

2. The Plaintiff avers that Defendant, BancInsure, Inc., is a stock insurance company incorporated under the laws of the State of Oklahoma, which was doing business in Tennessee and throughout Tennessee for all times material hereto and which obviously availed itself of the jurisdiction of the State of Tennessee by selling

insurance in the State of Tennessee. It has designated the Tennessee Department of Commerce and Insurance located in Nashville, Tennessee as its local agent for service of process. Defendant, BancInsure, Inc., has been doing business in Tennessee and has been licensed to do business in Tennessee since 1985.

## II

## VENUE

3. The Plaintiff avers that venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 in that the Defendant is doing business in Nashville, Davidson County, Tennessee and this is the venue in which the Defendant has denied Plaintiff's coverage.

4. The Plaintiff avers that jurisdiction is proper pursuant to diversity of citizenship pursuant to 28 U.S.C.A. § 1332.

## III.

## THE FACTS

5. The Plaintiff avers that he was sued in his capacity as an officer of the Bank of Lexington, branch of Bank of Friendship in the United States District Court for the Western District of Tennessee in a case styled *Larry Steve Melton et al. v. Bank of Lexington branch of the Bank of Friendship, et al.*, civil action No.: 1-02-1152B on the 5th day of August, 2004.

6. The Plaintiff avers that in August, 2004 his attorney, Mr. Dan Warlick, requested coverage for him for the allegations in the counterclaim filed in the *Melton et al. v. Bank of Lexington* matter by Walden Blankenship.

7. The Plaintiff avers that on September 1, 2004 the Defendant, BancInsure, Inc., denied coverage for him via correspondence sent to Mr. Dan Warlick, counsel for Mr. Melton, from Mr. Van Butler.

8. The Plaintiff avers that the allegations in the counterclaim against him were frivolous, false, and arose out of his role as a bank officer with the Bank of Lexington, branch of the Bank of Friendship. The Plaintiff avers that he was sued along with others in that action and he has recently learned that those others were provided coverage by BancInsure, Inc. while he was denied coverage.

9. The Plaintiff avers that the claims against him by Walden Blankenship were dismissed by the Federal Court in Jackson, Tennessee by Order entered April 2, 2007.

10. The Plaintiff avers that the Defendant, BancInsure, Inc. provided coverage to similarly-situated employees of the Defendant's insured and did so in an attempt to influence and manipulate the outcome of that action.

11. The Plaintiff avers that the Defendant unlawfully failed to provide him coverage while providing coverage to others who were sued under the exact same and/or similar allegations.

12. The Plaintiff avers that BancInsure, Inc. issued the director's and officer's policy No.: 41DO00177-3 "D&O policy" to the Bank for the effective policy period of August 28, 2000 through August 28, 2003. (Exhibit # 1)

13. The Plaintiff avers that the Defendant, BancInsure, Inc., assumed facts and made factual determinations which were inaccurate and proved to be wrong by the Court's dismissal of the action against him by Order entered April 2, 2007.

14. The Plaintiff avers that the Defendant, BancInsure, Inc., did not have a good faith, lawful basis to deny him coverage and that he had to defend himself and spend thousands of dollars in defense costs for which he was insured.

15. The Plaintiff avers that the Defendant's failure to provide coverage was done in bad faith and in violation of Defendant, BancInsure, Inc's., contractual and legal obligations to him.

16. The Plaintiff avers that he has sustained substantial monetary and other damages as a direct and proximate result of the Defendant's bad faith denial of coverage for him.

## IV

### FIRST CAUSE OF ACTION
### VIOLATION OF TENNESSEE CODE ANN. § 56-7-05

17. The Plaintiff relies upon the factual averments in numbered paragraphs 1-16 in support of the following cause of action.

18. The Plaintiff avers that the Defendant, BancInsure, Inc., refused to pay the loss incurred by him within sixty (60) days after demand had been made by him.

19. The Plaintiff further avers that the Defendant did so in bad faith and the Defendant's failure to pay inflicted additional expense, loss, and injury to the Plaintiff including attorneys fees.

20. The Plaintiff further avers that the Defendant's refusal to pay was without reasonable cause and the Plaintiff should be entitled to additional damages including, but not limited to, the bad faith penalty pursuant to the statute and attorneys fees and other incidental damages.

## V

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

21. The Plaintiff relies upon the factual averments in numbered paragraphs 1-20 in support of the following cause of action.

22. The Plaintiff avers that the Defendant had a duty to provide the coverage to him pursuant to the policy issued to the Bank of Lexington, branch of Bank of Friendship, and its failure to provide coverage constitutes a breach of contract and that he has sustained damages as a direct and proximate result.

## VI

### THIRD CAUSE OF ACTION
### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
### TENN. CODE ANN. § 47-18-104 ET SEQ.

23. The Plaintiff relies upon the factual averments in numbered paragraphs 1-22 in support of the following cause of action.

24. The Plaintiff avers that the Defendant, BancInsure, Inc., engaged in unfair and deceptive acts in denying him coverage while providing coverage to other similarly-situated insureds in this matter and as a direct and proximate result he has sustained substantial damages.

25. The Plaintiff avers that the Defendant's actions were willful, knowing, and intentional and that he was subjected to substantial financial injury as a direct and proximate result of the Defendant's unfair and deceptive acts which constitute violations of Tenn. Code Ann. § 47-18-104 (a), and § 47-18-1074 (b)(27).

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. That the Defendant be served with process and be required to answer within the time allowed by law;

2. That the Plaintiff be awarded compensatory damages in an amount in excess $ 75,000.00;

3. That the Plaintiff be awarded any and all damages pursuant to Tenn. Code Ann. § 56-7-105 including the bad faith penalty amount as well as the Tenn. Consumer Protection Act found at § 47-18-104 et seq. including, but not limited to, treble damages and other damages;

3. That the Plaintiff be awarded all costs of litigation incurred, including reasonable attorney's fees, costs, and expenses in this action;

4. That a jury be impaneled to hear this action;

5. That the Plaintiff be awarded such other, further relief to which he may be entitled.

Respectfully submitted,

*/s/ Kline Preston*

Kline Preston Law Group, P.C.
G. Kline Preston, IV #17141
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 620-4322
Attorney for Plaintiff