IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JOHN MELTON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BANCINSURE, INC., )<br>)<br>    Defendant. )<br>) | No. 3:07-cv-00730<br>JURY DEMAND |

**BANCINSURE, INC.'S REPLY TO THE PLAINTIFF'S RESPONSE IN OPPOSITION TO BANCINSURE, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PENDING ARBITRATION**

Comes now the Defendant, BancInsure, Inc. ("BancInsure"), by and through undersigned counsel and submits this Reply to the Plaintiff's Response in Opposition to BancInsure's Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration.

**I. The Plaintiff's Assertion that the Policy's Dispute Resolution Endorsement is Unenforceable Because He Did Not Sign the Dispute Resolution Endorsement Agreement is Incorrect.**

In his Response in Opposition to BancInsure's Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration ("BancInsure's Motion"), the Plaintiff incorrectly asserts that the Policy's Dispute Resolution Endorsement (the "Endorsement") is unenforceable because the Plaintiff did not personally sign the Policy or the Endorsement. To the contrary, it is well-settled federal law that an arbitration agreement is enforceable even if it is not signed by all parties. In *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 628 (6th Cir. 2003), the Sixth Circuit noted that five (5) theories exist that bind non-signatories to arbitration agreements: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel. The

421536

most common justification is estoppel, which is invoked "when the non-signatory seeks a *direct* benefit from the contract while disavowing the arbitration provision." *Id.* (emphasis in original). Multiple courts have enforced arbitration provisions against non-signatories (such as the Plaintiff) when the non-signatory is suing to obtain a benefit (such as insurance coverage) under the contract containing the arbitration clause (such as the Policy). *See, e.g.*, *Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2nd Cir. 1995); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen*, 206 F.3d 411, 418 (4th Cir. 2000) ("In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him."); *Benton v. Vanderbilt University*, 137 S.W.3d 614, 620 (Tenn. 2004) (arbitration agreement is enforceable against third-party beneficiary of a contract who is suing to enforce the contract).

In this case, the Plaintiff is hypocritically attempting to reap the benefits of the Policy he did not personally sign without adhering to all of its terms. If the Endorsement is unenforceable because the Plaintiff did not personally sign the same, then the entire Policy is also unenforceable. This self-serving argument asserted by the Plaintiff is an incorrect statement of the law and should not be considered by this Court. "To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act." *Avila Group, Inc. v. Norma J. of California*, 426 F. Supp. 537, 542 (S.D.N.Y. 1977).

## II. The Plaintiff's Assertion that the Endorsement is Unenforceable under Tennessee Law is Incorrect.

In his Response in Opposition to BancInsure's Motion, the Plaintiff also argues that the Endorsement is invalid and unenforceable under Tennessee Law. The Plaintiff correctly notes that state law contract defenses may invalidate arbitration agreements in certain circumstances. However, the Plaintiff incorrectly asserts that the Endorsement in this case lacks consideration or mutual assent, was procured by fraud or undue influence, violates public policy, or is not sufficiently definite to the enforced. The Plaintiff also demonstrates a fundamental misunderstanding of the Policy and the manner in which it was procured by Friendship Bancshares, Inc. and the Bank of Friendship, his former employer.

The Endorsement does not lack consideration or mutual assent. The Plaintiff wrongfully claims that the Endorsement is an "amendment to the [P]olicy at some point" and constitutes "a unilateral modification of the terms of the [P]olicy." Rather, the Endorsement was negotiated and agreed-upon by two sophisticated parties – the insured and BancInsure – and became effective at the inception of the Policy. The Endorsement is not part of the basic Policy offered by BancInsure, and the Endorsement modifies the basic Policy only if purchased by the insured. BancInsure does not "unilaterally" amend its basic Policy with the Endorsement, as evidenced by the numerous BancInsure policies that lack the Endorsement or other alternative dispute provisions. Moreover, the premiums paid by the insured reflect that arms-length nature of the transaction between the insured and BancInsure.

In addition, there is no evidence indicating that the Policy or the Endorsement was procured by fraud or duress. As discussed above, the Endorsement was negotiated by

two sophisticated parties, and the insured voluntarily purchased the Endorsement. Because the Plaintiff failed to proffer any evidence supporting this argument, the Court is entitled to ignore the same. "[I]ssues referred to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 898, 995-96 (6th Cir. 1997) (citation omitted).

The Plaintiff's assertion that the Endorsement violates public policy is also without merit and constitutes an incorrect statement of the law. In *Walker v. Ryan's Family Steakhouses*, 400 F,3d 370, 376 (6th Cir. 2005), a case erroneously relied upon the Plaintiff to support his position, the Sixth Circuit noted that there is "a strong public policy **favoring** arbitration" (quoting *Cooper v. MRM Investment Co.*, 367 F.3d 493, 498 (6th Cir. 2004) (emphasis added)). The Sixth Circuit has also held that "It is a well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). The Plaintiff has again failed to cite any authority or proffer any evidence supporting his argument that the Endorsement violates public policy.

Finally, the Plaintiff's incorrectly argues that the Endorsement is not "sufficiently definite to be enforced." The plain language of the Endorsement undermines the Plaintiff's assertion, since the Endorsement unequivocally states that "a controversy or dispute between (1) any Insured Person(s) or the Company or both, and (2) the Insurer with respect to coverage . . . **shall** be resolved exclusively by final and binding arbitration administered by the American Arbitration Association ("AAA") in accordance with its

Commercial Arbitration Rules" (emphasis added). In this case, the dispute at issue is between an Insured Person (the Plaintiff) and the Insurer (BancInsure) "with respect to coverage." The language of the Endorsement could not be more "definite." This Court should therefore dismiss the Plaintiff's Complaint and order the parties to arbitrate this dispute.

### III. The Plaintiff is not Entitled to a Jury Trial Regarding the Enforceability of the Endorsement.

In his Response in Opposition to BancInsure's Motion, the Plaintiff argues that 9 U.S.C. § 4 entitles him to a jury trial regarding the enforceability of the Endorsement. To the contrary, 9 U.S.C. § 4 "orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement." *Walker,* 400 F.3d at 376. This provision permits a jury trial only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same **be an issue** . . ." (emphasis added). In this case, the making of the Endorsement is not an "issue." The Endorsement is a valid agreement modifying an insurance policy negotiated by two sophisticated parties. Furthermore, it is not in dispute whether "one party has failed, neglected, or refused to comply with an arbitration agreement." It does require a jury trial to determine that the Plaintiff is currently failing, neglecting, and refusing to comply with the unambiguous language of the Endorsement. Therefore, 9 U.S.C. § 4 does not support the Plaintiff's claim that the Endorsement should not be enforced.

### CONCLUSION

Based upon the foregoing, as well as the reasons set forth in its Memorandum of Law, BancInsure respectfully requests that this Court grants its Motion to Dismiss, or in the Alternative, to Stay Pending Arbitration.

Respectfully submitted,

   s/ Jeffrey S. Price
Sam H. Poteet, Jr.   #10086
Jeffrey S. Price   #19550
Justin D. Wear   #23954
MANIER & HEROD, P.C.
150 Fourth Avenue North, Suite 2200
Nashville, TN 37219
(615) 244-0030 (Phone)
(615) 242-4203 (Fax)
jprice@manierherod.com

Attorneys for BancInsure

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been furnished via first class U.S. Mail upon the following on this 13th day of September, 2007.

G. Kline Preston IV, Esq.
Kline Preston Law Group
4525 Harding Road, Suite 200
Nashville TN 37205

   s/ Jeffrey S. Price
Jeffrey S. Price   #19550