IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN MELTON, )
)
    Plaintiff, )
) NO. 3:07-0730
v. ) JUDGE HAYNES
)
BANCINSURE, INC., )
)
    Defendant. )

## ORDER

Plaintiff, John Melton, a Tennessee citizen, filed this action under 28 U.S.C. § 1332, the federal diversity statute against the Defendant Bancinsure, Inc., a Oklahoma corporation. Plaintiff's claims arise out of the Defendant's denial of insurance coverage for claim against Plaintiff who was a bank officer with the Bank of Lexington. Plaintiff's specific claims are for bad faith insurance practices under Tenn. Code Ann. § 56-7-105; breach of contract and violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq.

Before the Court is the Defendant's motion to dismiss or to stay the proceedings (Docket Entry No. 5), citing the mandatory arbitration provisions in the insurance contract at issue. In response, Plaintiff contends that he did not sign this contract nor consent to arbitration. Plaintiff also alleges that the arbitration provision is invalid under Tennessee law for lack of consideration and mutual assent or a voluntary waiver of his right to a jury trial (Docket Entry Nos. 7 and 11).

From the Court's review of the arbitration provisions of the insurance agreement at issue and the Plaintiff's complaint, Plaintiff clearly seeks to enforce this contract in two of his claims: bad faith settlement practices and breach of contract. In these circumstances, Plaintiff is

estopped to challenge the enforceability or validity of the contract. Javitch v. First Union Securities, Inc., 315 F.3d 619, 628 (6th Cir. 2003). Any ambiguity about arbitration agreements are to "be resolved in favor of arbitration. Fazio v. Lehman Bros., Inc., 340 F.3d 386, 392 (6th Cir. 2003). This arbitration agreement extends to include all of Plaintiff's claims. These parties are sophisticated in business matters.

Accordingly, the Defendant's motion to dismiss (Docket Entry No. 5) is **GRANTED**. Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000). This action is **DISMISSED without prejudice.**

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___9th___ day of November, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge